IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHANNA RILEY, individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 4:21-CV-0192-DGK<br>) |
| UNITED STATES FIRE INSURANCE COMPANY and TRIP MATE, INC., | )<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO STAY

This lawsuit arises from Plaintiff's allegations that in the wake of the COVID-19 pandemic she and putative class members are entitled to trip cancellation benefits under travel insurance policies underwritten by Defendants. Defendants contend the polices do not cover the voluntary cancellation of a trip due to a pandemic or virus, and they have filed a motion to dismiss on that basis.

Now before the Court is Defendants Motion to Stay Discovery Pending a Ruling on Their Motion to Dismiss. ECF No. 40. Defendants contend that, with the exception of initial disclosures related to the individual Plaintiff, discovery should be stayed to avoid an enormous waste of resources in discovery. Plaintiff responds that Defendants have not carried their burden of demonstrating good cause for a complete stay.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Contracting Nw., Inc. v. City of Fredericksburg*, 713 F.2d 382, 387 (8th Cir. 1983) (holding district court has the "inherent power" to stay litigation "to control its docket, conserve judicial resources, and provide

for a just determination of the cases pending before it."). A stay should be entered only where it is a proper exercise of the court's discretion, *Rhines v. Weber*, 544 U.S. 269, 276 (2005), and the proponent of the stay bears the burden of establishing the need for a stay. *Nken v. Holder*, 556 U.S. 418, 433-34 (2009). In determining whether to grant a motion to stay discovery pending the outcome of a dispositive motion, a court considers a variety of factors, including the movant's likelihood of success on the underlying motion; whether the movant will be irreparably harmed absent a stay; the breadth of the pending discovery; the balance of harms in delaying discovery against the possibility that the underlying motion will dispose of the case; the public interest; and judicial economy. *Id.*; *TE Connectivity Networks, Inc. v. All Sys. Broadband, Inc.*, No. 13-1356 ADM/FLN, 2013 WL 4487505, at *2 (D. Minn. Aug. 20, 2013).

The Court holds that the factors weigh in favor of granting the requested stay. Defendants appear likely to succeed on the motion; the pending discovery requests are very broad; and the harm in delaying discovery is very small and outweighed by the possibility that the motion will dispose of the case. Although Defendants will not be irreparably harmed absent a stay, they will incur significant—and likely unnecessary and avoidable—costs in producing the requested discovery. Finally, the public interest and judicial economy factors do not factor much in the analysis one way or the other.

The motion to stay discovery is GRANTED. All discovery is stayed pending the Court's ruling on the motion to dismiss. Once the Court rules on the motion to dismiss, it will issue a new scheduling order, if necessary.

**IT IS SO ORDERED.**

Date:  September 10, 2021                    /s/ Greg Kays
                                             GREG KAYS, JUDGE
                                             UNITED STATES DISTRICT COURT