IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SHANNA RILEY, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-CV-0192-DGK ) |
| UNITED STATES FIRE INSURANCE COMPANY and TRIP MATE, INC., | ) ) ) ) |
| Defendants. | ) |

## ORDER GRANTING MOTION TO DISMISS

This lawsuit arises from the COVID-19 pandemic. Well before the pandemic began, Plaintiff booked a trip to Australia and purchased a travel insurance policy administered by Defendant Trip Mate, Inc. ("Trip Mate") and underwritten by Defendant United States Fire Insurance Company ("U.S. Fire"). In March of 2020, in response to various recommendations against non-essential travel, Plaintiff canceled the trip and sought to recover under the travel insurance policy. Her claim was denied.

Plaintiff alleges she and the putative class members are entitled to trip cancellation benefits under travel insurance policies underwritten by Defendants. Defendants contend the polices do not cover the voluntary cancellation of a trip due to a pandemic or virus.

Now before the Court is Defendants' Motion to Dismiss Plaintiff's First Amended Class Action Complaint brought pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 31. Holding the First Amended Complaint ("the Complaint"), ECF No. 28, fails to state any viable claims for relief, the motion is GRANTED. All claims are dismissed without prejudice.

## Standard of Review

A claim may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In ruling on a motion to dismiss, the Court "must accept as true all of the complaint's factual allegations and view them in the light most favorable to the Plaintiff [ ]." *Stodghill v. Wellston Sch. Dist.*, 512 F.3d 472, 476 (8th Cir. 2008). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.*

In reviewing the complaint, the Court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009). The Court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

## Factual Background

Below are the allegations relevant to the pending motion. All reasonable inferences have been drawn in the light most favorable to Plaintiff.

On August 2, 2019, Plaintiff booked a trip from Denver, Colorado, to Sydney, Australia, which was scheduled to depart on March 13, 2020, and return on March 27, 2020. At or about the same time Plaintiff booked the trip, she purchased a travel insurance policy ("the Policy"), containing travel insurance administered by Trip Mate and underwritten by U.S. Fire.

The Policy is not an "all risk" insurance contract; rather, it provides only specific coverages and benefits, subject to the listed exclusions. It includes a number of specific coverages, including

trip cancellation, as part of a single indivisible contract. It does not itemize the insurance premium by coverage or type of benefit.

Relevant to this case, the trip cancellation benefit provides as follows:

> TRIP CANCELLATION
> Benefits will be paid, up to the Maximum Benefit Amount shown in the Schedule of Benefits, to reimburse You for the amount of the unused nonrefundable Prepaid Payments or Deposits You paid for Travel Arrangements when You are **prevented** from taking Your Trip **due to**:
>
> \*   \*   \*
>
> 3. For the Other Covered Reasons listed below; provided such circumstances occur while coverage is in effect.
>
> \*   \*   \*
>
> a. You or Your Traveling Companion **being** hijacked, **quarantined**, required to serve on a jury … [or,] served with a court order to appear as a witness in a legal action in which You or Your Traveling Companion is not a party[.]

Policy Coverages, Section I, ECF No. 28-1 at 4 (emphasis added).

The Policy also outlines conditions under which any premium payment would be refunded: "If You are not satisfied for any reason, You may return Your Plan Document to Your Travel Supplier within 10 days after receipt. Your plan payment will be refunded, provided You have not already departed on the Trip or filed a claim." Travel Protection Plan, ECF No. 28-1.

On March 8, 2020, the Centers for Disease Control and Prevention recommended that individuals at a higher risk of COVID-19 illness avoid cruse and non-essential air travel.

On March 9, 2020, Plaintiff cancelled her trip.

On March 10, Colorado declared a state of emergency. On March 11, the World Health Organization announced that it categorized COVID-19 as a pandemic.

3

Case 4:21-cv-00192-DGK   Document 61   Filed 02/08/22   Page 3 of 9

On March 13, 2020, Plaintiff submitted a trip cancellation claim form. On her claim form, she wrote that she cancelled her Trip due to "[w]orries surrounding COVID-19." Trip Cancellation Claim Form at 1, ECF No. 32-1. Also on March 13, the President of the United States declared that the COVID-19 outbreak was a national emergency, retroactive to March 1, 2020.

On March 19, Australia announced that it was closing its borders to foreign nationals on March 20. That same day, the U.S. Department of State advised all U.S. citizens to avoid all international travel.

Trip Mate, the claims administrator, denied Plaintiff's claim for benefits under the Policy in a letter dated July 25, 2020 (the "Claim Letter"). The Claim Letter states in pertinent part:

> While the plan provides a benefit for a covered Sickness, the information on file does not indicate that you, your traveling companion, or a family member became ill while coverage was in effect which required an examination and treatment by a physician who certified the medical condition was [sic] prevented your continued participation in the trip. Because you did not cancel do [sic] to a sickness, as defined, but rather due to Qantas flights being canceled in an effort to avoid exposure to the Coronavirus, we are unable to consider this to be a covered claim.

Claim Letter at 1, ECF No. 28-2. It also stated, "We certainly understand the decision made to cancel this trip in light of the threat presented by the coronavirus. However, because the information on file does not document that this cancellation resulted from one of the above listed covered reasons, this claim is not covered under the plan provisions." *Id*. at 2. In addition to having her claim denied, Plaintiff did not receive any refund of any portion of her premium payment.

On March 24, 2021, Plaintiff filed this lawsuit.

4

**Discussion**

Plaintiff asserts a claim for breach of contract (Count II) and in addition to requesting monetary damages, requests relief in the form of a declaratory judgment (styled "First Claim For Relief"). Plaintiff argues she is entitled to benefits under the Policy's trip cancellation provision because she was prevented from taking her trip "due to" being "quarantined." Plaintiff alternately asserts a claim for unjust enrichment (Count III), seeking a pro-rata refund of premiums paid to cover post-departure perils.

While the parties disagree whether the Complaint states a claim on which relief can be granted, they agree that Colorado law governs this case, so the Court will apply Colorado substantive law.

**I.  The breach of contract claims fails as a matter of law.**

Trip cancellation coverage under the Policy requires that an insured be prevented from taking his or her trip "due to" "being quarantined." Plaintiff's contention—that what she characterizes as "self-enforced isolation to avoid contracting or spreading a virus in response to governmental guidance" discouraging non-essential travel "subjected" her to a "quarantine" under the Policy[1]—is without merit. Granted, the Policy does not define the term "quarantine," but that does not matter because as used in the Policy "quarantine" is not ambiguous. In fact, it is quite clear.

The plain and ordinary meaning of the phrase used "prevented from taking the trip due to . . . being quarantined" means the policyholder was not able to take the trip because he or she was compelled, constrained, or ordered into confinement because of possible exposure to a communicable disease. *Depasquale v. Nationwide Mut. Ins. Co.*, 2021 WL 1815078, at *5 (S.D.

---

[1] *See* Compl. ¶¶ 21, 41, 49, 65.

Ohio May 6, 2021) (dismissing a similar putative class action after analyzing the plain and ordinary meaning of "quarantine" from a variety of sources, holding the notion of "an imposed isolation . . . runs through each definition. It is the hallmark of quarantine"); *Cty. of Butler v. Wolf*, 486 F. Supp. 3d 883, 914 (W.D. Pa. 2020) ("A quarantine requires, as a threshold matter, that the person subject to the 'limitation of freedom of movement' be 'exposed to a communicable disease.'"). A "quarantine" is "a state of enforced isolation," not a voluntary isolation. *See Cassell v. Snyders*, 458 F. Supp. 3d 981, 1002 (N.D. Ill. 2020) (citing Quarantine, Merriam-Webster, https://www.merriam-webster.com/dictionary/quarantine). A state of isolation that is "enforced" is one that is compelled or constrained. *See, e.g.*, Enforce, Merriam–Webster, http://www.merriam-webster.com/dictionary/enforce) (last visited 2/2/2022) (defining "enforce," in relevant part, as "compel" or "constrain").

The Complaint does not allege any directive or order compelled Plaintiff to isolate due to possible contagion, nor does it allege she was required to cancel her trip. To the contrary, it alleges that the day before Plaintiff cancelled her trip, the Centers for Disease Control and Prevention ("CDC") had only "recommended" that high-risk individuals "should avoid cruise and non-essential air travel." Hence, Plaintiff was never compelled to be "quarantined."

Plaintiff's decision to cancel her trip was a voluntary one. She was not prevented from taking her trip due to being quarantined, thus her cancellation is not covered under the Policy's trip cancellation provision.

## II. The declaratory judgment "claim" is not a claim but a remedy and must be dismissed.

Defendants move to dismiss the declaratory judgment claim on the grounds that it is "duplicative" of the contract claim.[2] Defendants are essentially arguing that Plaintiff's declaratory

---

[2] More specifically, Defendants argue that a party may not use a declaratory judgment as a means of asking a court to declare that another has breached a contract. In support, Defendants cite cases, such as *Rainey v. Standard Guaranty*

judgment "claim" is subsumed in her breach of contract claim, so that dismissal of the breach of contract claim dooms Plaintiff's request for declaratory relief.

This is correct. To begin, the Court notes that under 28 U.S.C. § 2201, a declaratory judgment is a remedy, like a request for punitive damages; it is not an independent cause of action. *See Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("[T]he Declaratory Judgment Act ... does not provide an independent basis for federal jurisdiction."); *First Fed. Sav. & Loan Ass'n of Harrison, Ark. v. Anderson*, 681 F.2d 528, 533 (8th Cir. 1982) ("[I]t is well settled that the declaratory judgment statute is strictly remedial in nature and does not provide a separate basis for subject matter jurisdiction."). Even though the Complaint characterizes the request for a declaratory judgment as a separate cause of action,[3] it is not. It is a remedy for the alleged breach of contract pled in Count II. *See Buck v. Am. Airlines, Inc.*, 476 F.3d 29, 33 n.3 (1st Cir. 2007) ("Although the plaintiffs style 'declaratory judgment' as a cause of action, the provision that they cite, 28 U.S.C. § 2201(a), creates a remedy, not a cause of action."). Since there is no viable breach of contract claim here, Plaintiff's request for a declaration that she is owed coverage under the Policy must be dismissed as well. *See Collin Cnty. v. Homeowners Ass'n for Values Essential to Neighborhood*, 915 F.2d 167, 170–71 (5th Cir. 1990) (holding a party seeking declaratory relief must have a viable underlying cause of action).

---

*Insurance Company*, which in turn cite cases relying on Missouri substantive law for this proposition. This is problematic because to the degree substantive state law applies here, Colorado law controls, not Missouri law. Ultimately, this does not matter because Plaintiff's request for a declaratory judgment is a remedy which requires a viable underlying cause of action, which Plaintiff does not have here.

[3] The "First *Claim* For Relief" section of the Complaint states, "This is an *action* for declaratory judgment pursuant to 28 U.S.C. § 2201 . . ." Compl. ¶ 62 (emphasis added).

**III.    The unjust enrichment claim fails as a matter of law.**

Finally, Defendants move to dismiss Plaintiff's unjust enrichment claim on the grounds that she cannot recover for unjust enrichment since there is an express contract addressing her obligation to pay.[4]

Assuming for the sake of argument that Plaintiff has pled in the alternative sufficient facts to support an unjust enrichment claim, her unjust enrichment claim fails as a matter of law. Under Colorado law, a party cannot recover for unjust enrichment where, as here, "there is an express contract addressing the subject of the alleged obligation to pay," and neither of the two possible exceptions to this doctrine applies.[5] *Pulte Home Corp., Inc. v Countryside Cmty. Ass'n, Inc.*, 382 P.3d 821, 833 (Colo. 2016). Here the Policy expressly addresses the two sources of Defendants' alleged obligations to pay, the trip cancellation provision and or as a refund, so the Policy covers the subject matter of Plaintiff's unjust enrichment claim. Additionally, neither exception applies. Consequently, Plaintiff's unjust enrichment claim is foreclosed.

**Conclusion**

For the reasons discussed above, the motion is GRANTED. All claims against Defendants are dismissed. Although Defendants have moved for dismissal with prejudice, they have not explained why dismissal should be with prejudice. Accordingly, erring on the side of caution, the Court's dismissal is without prejudice. *See Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 438-39 (8th Cir. 1983) (holding dismissal of a plaintiff's complaint should ordinarily be without prejudice).

---

[4] Defendants also argue that this claim fails because they have not retained a benefit under circumstances that are unjust. Suggestions in Supp. at 16-18. Because Defendants' argument concerning the express contract is dispositive, the Court will not address this argument.

[5] The exceptions to this rule are when (1) "the express contract fails or is rescinded," or (2) "the claim covers matters that are outside of or arose after the contract." *Pulte*, 382 P.3d at 833.

**IT IS SO ORDERED.**

Date:   February 8, 2022                                    /s/ Greg Kays
                                                            GREG KAYS, JUDGE
                                                            UNITED STATES DISTRICT COURT